# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:02CR00011-08 |
| ) | Case No. 1:08CV80049 |
| v. ) | |
| ) | **OPINION** |
| **WALTER SANDY LEWIS,** ) | |
| ) | By: James P. Jones |
| Defendant. ) | Chief United States District Judge |

*Walter Sandy Lewis, Pro Se.*

Petitioner Walter Sandy Lewis, a former federal inmate proceeding pro se, has filed a pleading that he styles as a Motion to Review 2255, asking the court to reopen and revisit his claims in his previous Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West 2006 & Supp. 2007), which has been closed since December 2004. Upon review of the current motion and court records, I find that Lewis's submission must be construed as a new § 2255 motion and be dismissed as successive, pursuant to § 2255(h).

I

Lewis pleaded guilty to one count of conspiracy to distribute cocaine, in violation of 21 U.S.C.A. § 841(a) (West 1999 & Supp. 2007). I entered judgment against him on July 17, 2003, sentencing him to 70 months imprisonment and five years of supervised release. Lewis filed a § 2255 Motion in July 2004, asserting that counsel provided ineffective assistance.[1] I dismissed this § 2255 Motion upon finding that pursuant to a provision in his written plea agreement, Lewis waived his right to bring a § 2255 action. Lewis appealed my § 2255 decision, and the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability. *Lewis v. United States*, 131 F. App'x 964 (4th Cir. 2005). On October 23, 2006, I granted the government's motion to reduce Lewis's sentence based on substantial assistance and an Amended Judgment was entered on October 25, 2006, reducing Lewis's sentence to time served.[2]

---

[1] In this § 2255 Motion, Lewis alleged these grounds for relief: (A) "coerced confession" because counsel did not show petitioner some discovery regarding drug amounts and "[left] the prosecutor to represent defendant for plea"; (B) unconstitutional failure of prosecution to disclose favorable evidence about drug amounts; (C) counsel was ineffective when he did not show petitioner documentation to determine drug amounts, did not question physical evidence, did not move to suppress a tape that the prosecution would not deliver; and let the prosecutor give the facts at sentencing; and (D) counsel advised petitioner that he had no grounds for appeal, and so petitioner was denied his right to appeal.

[2] Lewis is now serving his five-year term of supervised release. Thus, although he is no longer incarcerated, he is nevertheless "in custody" for purposes of establishing this court's jurisdiction under § 2255. *See United States v. Pregent*, 190 F.3d 279, 382 (4th Cir. 1999).

As stated, Lewis seeks to file his motion in his long-closed § 2255 action and asks the court to revisit his claims that counsel was ineffective in various respects, adding new allegations about conspiracy and a court of appeals "mandate."[3] As relief, he seeks monetary damages and release from "probation."[4]

II

Lewis does not cite any specific authority under which he seeks to reopen his § 2255 case and bring new allegations. His stated goal is most similar to a motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b). A motion for relief from judgment, which seeks to advance one or more substantive claims following denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in petition, or seeking relief due to a purported change in substantive law since the petition was denied, is properly

---

[3] Lewis alleges that counsel "worked closely with law enforcement in order to obtain prior prejudicial knowledge of the case, which led to the 2002 conspiracy conviction." He also claims that he "appealed repeatedly and the Fourth Circuit . . . responded with a mandate." In the meantime, Lewis had been transferred and no longer had counsel in this matter; for that reason, he "was unable to act upon the appellate court findings during his final year of incarceration."

[4] Lewis also asks that this case be assigned to another judge, because he believes that I am biased against him on grounds that I dismissed his earlier motions. However, he states no valid ground for recusal and I am obligated not to recuse myself unless there are grounds therefor.

classified as a second or successive habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). Lewis's current motion falls squarely within this category, as he clearly argues substantive federal grounds for setting aside his conviction, rather than challenging the procedural basis on which the court dismissed his prior § 2255 Motion. Therefore, I find that his motion is properly construed as a second or successive § 2255 Motion. *Id.*

This court may consider a second or successive § 2255 motion only upon specific certification from the Fourth Circuit that the claims in the motion meet certain criteria. *See* § 2255(h). As the petitioner offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss his current action without prejudice.

### III

In addition to "release from probation," Lewis's habeas claim for relief in this motion, he also seeks monetary damages. Such relief is not available under § 2255. Given Lewis's pro se status, I could liberally construe this aspect of his motion as a civil rights claim, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and allow him to amend to name defendants. The basic premise behind such a claim is legally frivolous, however, under *Heck v.*

-4-

*Humphrey*, 512 U.S. 477 (1994), and related cases. Under this precedent, a prisoner's civil rights action for damages

> is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). While Lewis does not allege specific facts in support of his assertions of wrongdoing, he expressly states that the challenged incidents "led to the 2002 conspiracy conviction." Thus, his claims in this motion necessarily imply the invalidity of his current "custody" under supervised release restrictions. *Heck*, 512 U.S. at 487. Moreover, he fails to allege any injury distinct from the injury of being convicted and sentenced. *Id.* at 487 n.7. Thus, until he proves that his conviction has been overturned or otherwise invalidated, he is barred under *Heck* from bringing claims for damages concerning the actions of which he complains in his motion.

In any event, to the extent that he wishes to sue trial counsel, he has no claim under *Bivens*, inasmuch as defense counsel (whether retained, appointed or employed as a public defender) does not act under color of federal law while representing his client in federal criminal proceedings; as such, he is not subject to suit under *Bivens* for actions taken during the course of the representation. *Cox v. Hellerstein*, 685 F.2d

1098, 1099 (9th Cir. 1982) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Furthermore, because I find that Lewis has no federal claim to pursue in this action, I decline to exercise supplemental jurisdiction over any possible claim that Lewis might be attempting to bring under state law. *See* 28 U.S.C.A. § 1367(c)(3) (West 2006).

IV

In conclusion, I will construe and dismiss without prejudice Lewis's habeas claims, challenging the validity of his detention on supervised release, as a successive § 2255 motion. His claims for monetary damages I will summarily dismiss without prejudice as legally frivolous for the reasons stated. *See* 28 U.S.C.A. § 1915A(b)(1) (West 2006). A separate Final Order will be entered herewith.

DATED: April 27, 2008

/s/ JAMES P. JONES
Chief United States District Judge